IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DARICK EASTERLING          :          CIVIL ACTION
                           :
         v.                :
                           :
COUNTY OF DELAWARE         :          NO. 23-5016

MEMORANDUM

Bartle, J.                                December 3 , 2024

  Plaintiff Darick Easterling, a correctional officer at the George W. Hill Correctional Facility, in Delaware County, Pennsylvania, alleges that defendant County of Delaware ("Delaware County") failed to accommodate him in and terminated him from his job.  He maintains that defendant interfered with his rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA") (Count I), discriminated and retaliated against him under the FMLA (Count II), and discriminated and retaliated against him on the basis of his disability under the Americans with Disabilities Act Amendment Act, 42 U.S.C. §§ 12101, et seq. ("ADAAA") (Counts III and IV) and under the Pennsylvania Human Relations Act, 43 Pa. Stat. §§ 951, et seq. ("PHRA") (Counts V and VI).

  Before the court is the motion of Delaware County for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure as to plaintiff's claims of retaliation pursuant

to the FMLA (Count II), ADAAA (Count IV), and the PHRA (Count VI) (Doc. # 11).

I

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A dispute is genuine if the evidence is such that a reasonable factfinder could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).  The court views the facts and draws all inferences in favor of the nonmoving party.  See In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

Summary judgment is granted when there is insufficient evidence in the record for a reasonable factfinder to find for nonmovant.  See Anderson, 477 U.S. at 252.  "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]."  Id.  In addition, Rule 56(e)(2) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by

-2-

Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion." Fed. R. Civ. P. 56(e)(2).

II

The following facts are construed in the light most favorable to plaintiff.

Since 2003, plaintiff has worked as a Correctional Officer at the George W. Hill Correctional Facility in Delaware County. Since 2016, he has been unable to work more than twelve hours consecutively due to a medical condition. He suffers from spinal stenosis which causes chronic neck pain. To treat this pain, he takes hydrocodone and gabapentin twice a day, every twelve hours. Because the medication affects his ability to focus and concentrate and blurs his vision, he cannot take the medications during working hours.

On or about April 6, 2022, Delaware County assumed management of the facility from the Geo Group, a private entity. At that time, the new warden, Laura Williams, determined that due to an employee shortage, it would be necessary for correctional officers such as plaintiff to work mandatory overtime, that is two eight-hour shifts for a total of sixteen consecutive hours. On May 25, 2022, Easterling was terminated due to his failure to do so.

When Geo Group managed the facility, it resolved the shortage problem by having employees work a full eight-hour

shift, plus a portion of a second eight-hour shift.  Rather than requiring employees unable to work a full sixteen hours do so, a second employee would volunteer to complete the remainder of the shift.  That way, those employees who could not work a full sixteen hours were able to continue to hold their jobs.

In March of 2022, Warden Williams attended a transition meeting with, among other individuals, the president and vice president of the correctional officers' union.  At his deposition, Frank Kwaning, the union president, testified that during this meeting he commented that certain employees could not complete mandatory overtime.  He inquired what the County's position would be on continuing to accommodate them and Warden Williams responded that such employees would be accommodated. The union vice president, Ashley Gwaku, asked how this would occur.  Warden Williams replied that "we will get back to you guys."

As part of the facility's transition to public management, all correctional officers interviewed with the County to retain their positions.  Easterling interviewed for his position as a correctional officer on March 14, 2022 and was offered conditional employment that same day.  He was scheduled to begin working for the County on April 6, 2022, the date it assumed management of the facility.  His offer letter stated that "mandated overtime" was an essential job duty.  Such

overtime is described in the attached job description as an "[a]bility to work up to sixteen (16) hours within a rolling 24-hour period."

Plaintiff states that on or about April 6, 2022 he notified Warden Williams that he was unable to work sixteen hours consecutively.  Soon thereafter, he submitted an "ADA Reasonable Accommodation Request Form" to the County.  He included a note from his doctor confirming that he could not work more than twelve hours at one time.  He provided this paperwork to Human Resources, which requested that he resubmit this information using the format provided by the County. Angela Fratterelli, the Human Resources advisor and manager of employee relationships and leave of absences, testified at her deposition that no employee was to be disciplined while an interactive process concerning proposed accommodations was ongoing.

On April 13, 2022, plaintiff submitted conforming paperwork to the County.  A few days later, Human Resources gave him another form for his doctor to complete.

On April 22, 2022, plaintiff was required to work two consecutive eight-hour shifts.  After working twelve hours, he told his supervisor that he could not work any longer and left. On April 29, 2022, Amanda Lubrano, a Lieutenant, filed a disciplinary action form against him for this conduct despite

the County's policy that no discipline would occur during the
pendency of an employee's interactive process with the County to
determine his or her appropriate accommodation.  This form
stated:

> On April 29, 2022, you left the facility
> prior to the end of your shift indicating
> that you were ill.  This leave was
> unauthorized and against facility policy as
> you do not have sick time to cover the
> hours.

Upon receiving this notification, he attempted to provide his
lieutenant with documentation that showed that he had a pending
request for an accommodation.  The lieutenant refused to accept
it.

On May 2, 2022, plaintiff met with Human Resources. In
that meeting, they discussed plaintiff's condition and how it
impacted his performance.

On May 6, 2022, plaintiff again did not complete his
mandatory overtime because he needed to take his medication.  In
response, Lubrano filed a disciplinary action form against him.
It stated that he "refused to complete his mandatory overtime
and felt sick stating he needed to take his medication."
Although the form references an "attached statement," no such
statement is in the record.

On May 17, 2022, plaintiff once more failed to
complete his mandatory overtime because of the need to take his

medication.  On May 19, Lieutenant R. Davis, the shift commander
at the time, filed a disciplinary action form against plaintiff.
He wrote:

> On May 17, 2022, at approximately 4:00am,
> Officer Easterling notified the Shift
> Commander's Officer that he would be leaving
> early on his mandatory overtime.  This
> officer has no sick time available.

The form states that the lieutenant then serving as shift
commander "refused to accept [Officer Easterling's] paperwork"
which demonstrated that he had made a request for an
accommodation pursuant to the ADA.  In connection with this
disciplinary action, plaintiff was suspended for one day.

Kwaning, the union president, testified that multiple
employees reached out regarding mandatory overtime when the
County announced it would be required and Easterling and other
employees submitted documentation regarding their inability to
complete sixteen consecutive hours of work.  Although he was
union president at the time, his attempts to access the facility
in order to represent the union members were denied.

On May 25, 2022, the County terminated plaintiff.  Its
letter stated:

> The reason for this decision is that,
> <u>because of your medical condition, you are
> unable to perform the essential functions of
> the job</u>.  Specifically, based upon the
> information provided by your medical
> provider, as well as the additional
> information and clarifications that we have

> received from you (and that provider), you
> are unable to work more than twelve (12)
> consecutive hours due to the medicines you
> are taking. . . . Given that you are unable
> to do so and given that you and your medical
> provider has advised that your medical
> condition is a chronic, lifelong condition,
> there are no accommodations that can be
> provided.

(emphasis added).

### III

First, Delaware County moves to dismiss plaintiff's claims of retaliation under the ADAAA (Count IV) and the PHRA (Count VI).[1]  To establish a claim of retaliation under the ADAAA and under the PHRA on the basis of a disability, plaintiff must first make a prima facie showing of retaliation.  He may do so by showing that he engaged in protected conduct, that the employer took an adverse action either after or at the same time as the employee's protected activity, and that the protected conduct and the adverse action were causally related.  Shaner v. Synthes (USA), 204 F.3d 494, 500 (3d Cir. 2000).

The County does not contest that plaintiff engaged in protected activity by requesting an accommodation or that his termination was an adverse action.  The County challenges the third prong of plaintiff's prima facie case.  It argues that no reasonable jury could conclude that plaintiff's request to work,

---

1.   Plaintiff's PHRA claim is coextensive with his ADAAA claim and will be addressed together.  Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

at most, twelve hours consecutively, on April 6, 2022, was causally related to his termination on May 25, 2022. In Parrish v. County of Delaware, my colleague Judge John F. Murphy denied the County's motion for summary judgment in a factually analogous case. Civ. A. No. 22-4552, 2024 WL 3295585, at *1 (E.D. Pa. July 3, 2024). In that action, the plaintiff was a correctional officer at the George W. Hill Correctional Facility until she was terminated for her inability to work sixteen hours due to a disability. Id. The County argued, as it does here, that plaintiff had failed to establish a causal relationship between her request for an accommodation and her termination. Id. at *7. However, Judge Murphy concluded that all parties agreed that plaintiff was terminated because she was unable to work the overtime the County mandated. Id.

This reasoning applies in equal force to this case. In its termination letter, the County concedes that he was terminated because his medical condition made him "unable to work more than twelve (12) consecutive hours." Plaintiff has come forward with evidence of a causal connection between his disability and his subsequent termination.

The County also argues in this case that plaintiff has failed to show a causal connection due to a lack of temporal proximity. Temporal proximity is one indicator of retaliatory intent, but if such proximity is not "unusually suggestive," a

-9-

plaintiff may provide evidence of a "pattern of antagonism" in the intervening period.  See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 504 (3d Cir. 1997).  For example, our Court of Appeals has denied summary judgment on a claim of retaliation pursuant to the ADA when plaintiff had sufficiently shown a causal connection between her termination and her protected activity of filing an Equal Employment Opportunity Commission complaint, of which defendant received notice a month before her termination. Shellenberger v. Summit Bancorp., Inc., 318 F.3d 183, 188-89 (3d Cir. 2003).  In that action, the court determined that a reasonable jury could find that there was a causal connection on the basis of temporal proximity and a pattern of antagonism, such as her supervisor's comment ten days prior to her termination that she was "taking the legal route."  Id. at 189.

Here, the temporal proximity between plaintiff's request and his termination was only forty-two days.[2]  Coupled with this time frame, plaintiff provides sufficient evidence of antagonism.  His superiors continued to impose disciplinary action against him, a violation of Human Resources' stated policy not to impose discipline during the interactive process

---

2.    The County maintains it was not informed of plaintiff's disability until he submitted the County's paperwork on April 13, 2022.  Plaintiff disputes this, as he avers that he requested an accommodation on April 6, 2023 and therefore the temporal proximity between that and his termination is forty-nine days.

to determine the appropriate accommodation.  Each time he attempted to inform his superiors of his disability, they refused to accept his documentation.  Viewing this evidence in the light most favorable to plaintiff, a reasonable jury could find that he has established a causal relationship between his request for an accommodation and his ultimate termination.

After establishing a prima facie case of retaliation, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the adverse action.  In this action, the County states that working mandatory overtime is an essential job requirement and that the County is unable to accommodate employees that are unable to work sixteen hours consecutively.

Plaintiff has the ultimate burden of persuasion to show that this legitimate, non-discriminatory reason is merely pretext.  He may do so by pointing to evidence that would lead a reasonable factfinder either to disbelieve the employer's articulated reason or to believe that the discriminatory reason was more likely than not the motivating cause of the employer's action.  Jones v. Sch. Dist. of Phila., 198 F.3d 403, 413 (3d Cir. 1999).  The County argues that plaintiff fails to provide any evidence that its legitimate, non-discriminatory reason is pretext for discrimination.

-11-

In Parrish, Judge Murphy also considered this
question.  Civ. A. No. 22-4552, 2024 WL 3295585, at *8.  He
ruled in that action that there were disputed facts as to
whether the County's legitimate non-discriminatory reason for
plaintiff's termination was pretext.  In that action, plaintiff
presented evidence that Warden Williams "had an agenda" to
target those who required ADAAA or FMLA accommodations and
Fratterelli testified that all employees who requested such
accommodations were terminated.  Id.

In this action, plaintiff proffers similar evidence of
an "agenda."  Testimony shows that Warden Williams committed to
accommodating employees who were not capable of working sixteen
hours consecutively, then changed tack when Delaware County
began to manage the facility.  Additionally, plaintiff has
evidence that, despite the County's policy to decline to impose
discipline during the accommodations period, he was disciplined
on multiple occasions for his failure to complete two
consecutive eight-hour shifts.  This break with accepted policy
supports plaintiff's position that the County's requirement that
all employees work mandatory overtime is pretext.

As in Parrish, a reasonable jury could find that that
discriminatory intent was more likely than not the motivating
cause of the County's requirement.  The motion of Delaware

County for summary judgment as to plaintiff's claims of retaliation under the ADAAA and the PHRA will be denied.

IV

Delaware County further argues that summary judgment should be granted in its favor on plaintiff's claim of retaliation under the FMLA (Count II).  To establish an FMLA retaliation claim, the plaintiff must show that: (1) he invoked his right to FMLA-qualifying leave; (2) he suffered an adverse employment action; and (3) the adverse action was causally related to his invocation of rights.  Ross v. Gilhuly, 755 F.3d 185, 193 (3d Cir. 2014).

The County first maintains that plaintiff failed to request FMLA leave.  The plaintiff need not provide his employer with a formal written request for leave and the "employee need not expressly assert rights under the FMLA or even mention the FMLA . . . ."  Sarnowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 402 (3d Cir. 2007) (quoting 29 C.F.R. § 825.302(c)).  An employee merely needs to state a qualifying reason for the leave.

There is ample evidence in the record that plaintiff clearly explained his reason for working at most twelve hours consecutively.  Each time he stated he was assigned mandatory overtime and that he needed to take four hours of FMLA leave at the end of each mandatory eight-hour shift.  He submitted his

-13-

own paperwork upon beginning his position, re-submitted paperwork that conformed with the County's administrative requirements, and notified his supervisor of his disability each time he was scheduled to work sixteen hours consecutively. While there is no evidence that he identified the FMLA in making these requests, the statute imposes no such requirement. Sarnowski, 510 F.3d at 402. A reasonable jury could find that plaintiff invoked his right to FMLA leave.

Next, the County argues that plaintiff has not established a causal connection between his request to limit his mandatory overtime and his termination. As discussed above, plaintiff does not merely rely on temporal proximity to prove his case. He also provides evidence of a pattern of antagonism which a reasonable jury may conclude is sufficient evidence of a causal link between his request and termination.

The County also asserts that plaintiff cannot establish that his request for leave under the FMLA was a motivating factor in his termination. This argument is without merit. The County's letter states that he was terminated due to his inability to work sixteen hours consecutively.

Finally, the County contends that plaintiff has failed to show that its legitimate, non-discriminatory reason for terminating plaintiff is pretext. On the contrary, as the court explains above, plaintiff has produced evidence that the

-14-

County's requirement that all correctional officers work sixteen hours consecutively as mandatory overtime is pretext.  This is a material, disputed fact, and thus summary judgment is not appropriate on plaintiff's claim of retaliation pursuant to the FMLA.

The motion of Delaware County for summary judgment on plaintiff's claim for retaliation under the FMLA will be denied.