IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARICK EASTERLING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE | : | NO. 23-5016 |

MEMORANDUM

Bartle, J.                                        February 13, 2025

Darick Easterling has sued the County of Delaware, his
former employer, for violating his rights under the Americans
with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and
the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, et
seq.  This action is about to be called for trial.  In its Trial
Memorandum, the County asserts that plaintiff has not stated a
claim upon which relief under the FMLA can be granted.  It seeks
judgment in its favor on the ground that plaintiff was not an
eligible employee under the statute.  See 29 U.S.C. § 2611(2)
(A)(i).  Since the material facts on this issue are not really
contested, defendant in effect is making a motion under Rule
56(a) of the Federal Rules of Civil Procedure which provides
that "[t]he Court shall grant summary judgment if the movant
shows that there is no genuine dispute as to any material fact
and the movant is entitled to judgment as a matter of law."

The following facts are undisputed.  Plaintiff was employed by GEO Group, a private entity, as a correctional officer at the George W. Hill Correctional Facility in Delaware County for over 19 years.  The County had contracted with GEO Group to run its prison.  The County, thinking better of this arrangement, terminated the contract in April 2022 and reverted to operating the prison itself.  Plaintiff, like many other of his co-workers, applied to the County for a position as a correctional officer and received and accepted a conditional offer of employment with a start date of April 6, 2022.  The County requires correctional officers when directed to work 16 hours straight, with 8 hours of regular time and 8 hours of overtime.  Plaintiff sought a medical accommodation, based on his spinal stenosis, not to work more than 12 hours at a stretch.  The County responded that its requirement for mandatory 16 hour shifts was an essential function of the job and that plaintiff could not be reasonably accommodated as any accommodation would impose on it an undue hardship.  See 42 U.S.C. §§ 12112 - 12113.  Because plaintiff did not comply with several directives to remain on duty beyond 12 hours, he was discharged on May 25, 2022.

The FMLA defines an "eligible employee" as one who has been employed "for at least 12 months by the employer with respect to whom leave is requested . . . ."  29 U.S.C. § 2611(2)

(A)(i).  The definition of employer includes "any successor in interest of an employer."  29 U.S.C. § 2611(4)(A)(ii)(II).  Thus the one-year eligibility period is determined not simply by the time when plaintiff was employed by the County but by adding the time when he was employed by any predecessor to which the County is a successor in interest.

It is undisputed that plaintiff was not an employee of the County for at least 12 months.  He was only on its payroll from April 6, 2022 through May 25, 2022.  The crucial question is whether the County is a successor in interest to GEO Group where plaintiff had been employed for over 19 years.

The FMLA does not define "successor in interest." Pursuant to 29 U.S.C. § 2654, the Secretary of Labor was directed to "prescribe such regulations as are necessary to carry out [the FMLA]. . . ."  The factors promulgated by the Secretary to be considered in deciding whether an employer is "a successor in interest" "include":

    (1) Substantial continuity of the same
        business operations;
    (2) Use of the same plant;
    (3) Continuity of the work force;
    (4) Similarity of jobs and working
        conditions;
    (5) Similarity of supervisory personnel;
    (6) Similarity in machinery, equipment, and
        production methods;
    (7) Similarity of products or services; and
    (8) The ability of the predecessor to
        provide relief.

The regulation continues:

> a determination of whether or not a
> successor in interest exists is not
> determined by the application of any single
> criterion, but rather the entire
> circumstances are to be viewed in their
> totality.

29 C.F.R. § 825.107(a) - (b).

The meaning of "successor in interest" as used in the FMLA is clearly a matter of legal interpretation for the court alone to decide.  In Loper Bright Enterprises v. Raimondo, 144 S. Ct. 2244 (2024), the Supreme Court, in overruling Chevron USA, Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984), quoted Chief Justice Marshall that "[i]t is emphatically the province and duty of the judicial department to say what the law is."  144 S. Ct. at 2257 (quoting Marbury v. Madison, 1 Cranch 137, 177 (1803)).  The Court also cited Hamilton's words in Federalist No. 78 that the "interpretation of the laws" is "the proper and peculiar province of the courts."  Id.  The Supreme Court explained that this result is compelled by Article III of the Constitution as the judicial power extends to deciding "cases" and "controversies," and by the Administrative Procedure Act which provides that the courts must "decide all relevant questions of law, [and] interpret constitutional and statutory provisions" related to agency

actions.  See Loper Bright, 144 S. Ct. at 2257, 2261 (citing 5 U.S.C. § 706).

While the courts may be informed by the thinking of an agency or executive department, that thinking has no binding effect and is not deemed to be presumptively correct or even persuasive on a legal question.  See id. at 2258.  Accordingly, relying on the regulation prescribed by the Secretary of Labor in 29 C.F.R. § 825.107, as courts have prior to Loper Bright, is no longer appropriate in construing the meaning of "successor in interest" under the FMLA.

The Court of Appeals decision in Coffman v Chugach Support Services, Inc., 411 F.3d 1231 (11th Cir. 2005), is persuasive.  Plaintiff sued under the Uniformed Services Employment and Reemployment Rights Act of 1964, 38 U.S.C. §§ 4301, et seq., which provided a veteran with certain reemployment rights when returning from the military.  Id. at 1234.  The statutory definition of employer encompassed "successor in interest."  Id. at 1237 (citing 38 U.S.C. § 4303(4)(A)(iv)).  Plaintiff, before being ordered to active duty with the Air Force , worked for Del-Jen, Inc. a company that had a support services contract with the Air Force at a base in Florida.  Prior to plaintiff's honorable discharge, the Air Force had awarded the contract for such services to defendant Chugach Support Services ("Chugach") which was not

-5-

related in any way to Del-Jen. Id. at 1233. Plaintiff
thereafter applied for a position with Chugach. The question
was whether Chugach was Del-Jen's successor in interest. Id. at
1233. The Court of Appeals held it was not. Id. at 1238. In
reaching its decision, it explained that "one of the fundamental
requirements for consideration of the imposition of successor
liability is a merger or transfer of assets between the
predecessor and successor companies." Id. at 1237. Since
neither a merger nor a transfer of assets had occurred, that was
the end of the story and consideration of any other factors was
not proper.

Coffman cited with approval our Court of Appeals'
decision in Kicinski v. Constable Hook Shipyard, 168 F.2d 404,
408-09 (3d Cir. 1948). That case involved the question of
reemployment of a veteran under the Selective Training and
Service Act, 50 U.S.C. App'x § 308. Before entering the
military during World War II, plaintiff had worked as a nurse
for East Coast Shipyards, Inc. ("East Coast") which "occupied" a
shipyard in Bayonne, New Jersey. Id. at 405-06. Thereafter,
East Coast vacated the premises. The shipyard was the subject
of condemnation by the Government as part of the war effort.
Id. at 406. After a series of complicated legal proceedings,
the shipyard was later leased to the defendant. Id. at 407-08.
Our Court of Appeals agreed that plaintiff's rights would extend

-6-

to a successor employer "in an appropriate situation" even
though the statute did not contain any specific language to this
effect.  Id. at 409.  Nonetheless, the Court held that there was
no successor liability to be imposed on defendant:

> . . . we do not have . . . such
> reorganization, absorption, merger,
> consolidation, or other manifestation of
> corporate or business continuity as should
> impose upon [defendant] the duty that
> inevitably devolves upon East Coast.  That
> the nature of the business of the [later]
> corporation was the same, and that they
> occupied the same premises successively do
> not, without more, operate to alter their
> independent character, nor impose upon one
> the liabilities under the Act of the other.

Id.

No Supreme Court decision or decision in this circuit
has been called to this court's attention where successor
liability under the FMLA has been imposed absent a merger or the
purchase by the successor of the predecessor company or some or
all of its assets.  There is, however, a contrary decision out
of the Sixth Circuit, Cobb v. Contract Transport, Inc., 452 F.3d
543 (6th Cir. 2006).  In that action the plaintiff had been
employed as a driver with Byrd Trucking ("Byrd") which had a
contract with the United States Postal Service to transport mail
between Denver and Philadelphia.  Id. at 547.  Byrd lost the
contract when it was underbid by defendant Contract Transport
("Contract").  Id.  Contract then hired plaintiff as a driver.

-7-

Less than a year later, he advised Contract of a medical issue and was fired.  Id. at 547.  He then sued under the FMLA.  Cobb held that plaintiff was an eligible employee and that Contract was a successor in interest to Byrd even though they were separate and unrelated entities.  The Court disagreed with the reasoning of Coffman and Kicinski and relied heavily on the factors set forth in 29 C.F.R. § 825.107.  Id. at 556.  Cobb's analysis is not only contrary to our Court of Appeals' decision in Kicinski but also was without the benefit of the reasoning in the later decided Loper Bright.

In the present case, there was no merger between GEO Group and Delaware County.  Nor has the County obtained ownership or purchased assets of GEO Group.  The relationship between GEO Group and the County was simply based on a contract as a result of which GEO Group operated the County's prison for a number of years.  When the contract ended, GEO Group and the County parted ways.  Plaintiff then applied for and obtained a job as a correctional officer with the County.  As noted, no Supreme Court decision or decision in this circuit has ever applied successor liability under such a scenario.  If this court ruled for the plaintiff, it would be rewriting the FMLA and eliminating the 12 month waiting period required by Congress to be an eligible employee.

In sum, under the undisputed facts, plaintiff is not an eligible employee under the FMLA as he had not worked for Delaware County for 12 months, and Delaware County is not a successor in interest to GEO Group. Accordingly, Delaware County is entitled to summary judgment on plaintiff's FMLA claim.