```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| DARICK EASTERLING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE | : | NO. 23-5016 |

MEMORANDUM

Bartle, J.                                              February 25, 2025

On February 13, 2025 this court granted summary judgment in favor of defendant County of Delaware and against plaintiff Darick Easterling on his claim under the Family and Medical Leave Act, 29 U.S.C. §§ 2601, et seq. ("FMLA").  See Easterling v. County of Delaware, Civ. A. No. 23-5016 (Feb. 13, 2025 E.D. Pa.) (Doc. #45).  The court based its decision on the fact that plaintiff was not an eligible employer under the statute.  He had not worked for Delaware County, his employer, as a correctional officer for the necessary 12 months and his time as a correctional officer with his prior employer, GEO Group, Inc. did not count as Delaware County was not its successor in interest.  Id. at 9.  GEO Group had had a long-term contract to operate the Delaware County prison and had employed plaintiff for a number of years as a correctional officer at that location before Delaware County terminated the contract. Id. at 2.

Before the court is plaintiff's motion for reconsideration on the issue of successor in interest under the FMLA (Doc. #47).  A motion for reconsideration is viable only if the party seeking reconsideration shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law of fact or to prevent manifest injustice."  Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Plaintiff asserts that the court committed a clear error of law.

Plaintiff maintains that the court erred in relying on Coffman v. Chugach Support Services, Inc., 411 F.3d 1231 (11th Cir. 2005).  That case defined successor in interest as used in the Uniformed Services Employment and Reemployment Rights Act of 1964, 38 U.S.C. §§ 4301, et seq. ("USERRA"), which provides veterans with certain reemployment rights when returning from military service.  That court explained that there must be a merger or acquisition of assets for the subsequent employer to be a successor in interest to a predecessor.  Coffman, 411 F.3d at 1237.  The court also relied on the Third Circuit's decision in Kicinski v. Constable Hook Shipyard, 168 F.2d 404 (3d Cir. 1948), which likewise explained that similar factors were necessary for successor liability.  Id. at 408-09.  It is undisputed that there was no merger between Delaware County and

GEO Group, there was no acquisition of ownership, and there was no purchase of assets.

Plaintiff points out that Congress in 2010 amended USERRA to overrule the Coffman definition of successor in interest. USERRA now requires the factfinder to consider a number of additional factors to determine whether an employer is a successor in interest. 38 U.S.C. § 4303(4)(D)(i).

While it is true that Congress amended USERRA after Coffman to broaden the definition of successor in interest, this change does not help the plaintiff. Congress used the same language "successor in interest" in the FMLA when it was enacted in 1993 as it did originally in USERRA. Congress, however, never incorporated into the FMLA the additional language that is now a part of USERRA. See 29 U.S.C. § 2611(4)(A)(ii)(II). When Coffman was decided, the relevant provisions of the USERRA and the FMLA were the same.

Plaintiff further argues that the court erred in rejecting the regulation promulgated by the Secretary of Labor which supports his definition of successor in interest in the FMLA. 29 C.F.R. § 825.107. That regulation, as noted in this court's prior Memorandum, broadens the definition so as to make it similar to what is now in USERRA. The plaintiff maintains that under Loper Bright Enterprises v. Raimondo, 603 U.S. 369 (2024), when a statute delegates authority to an agency, the

court must respect the delegation while ensuring that the agency acts within it.  The Supreme Court cautioned that "respect" merely means that the view of the Executive Branch informs the judgment of the court but does not supersede it.  Id. at 386.  The Supreme Court explained that "whatever respect an Executive Branch interpretation was due, a judge 'certainly would not be bound to adopt the construction given by the head of the department.'" Id.  (quoting Decatur v. Paulding, 39 U.S. (14 Pet.) 497, 515 (1840)).

This is not a case involving a complex regulatory statute which is silent or ambiguous on a number of particulars.  Before the court is simply the construction of the term "successor in interest."  The Supreme Court has made clear that questions of law such as this are exclusively a judicial function.  Loper Bright, 603 U.S. at 384-86.  The FMLA in any event gives the Secretary only limited authority to promulgate regulations.  Under § 2654, "the Secretary of Labor shall prescribe such regulations as are necessary to carry out [29 U.S.C. §§ 2611-20] and [29 U.S.C. §§ 2651-54] . . .." 29 U.S.C. § 2654 (emphasis added).  Whatever other regulations may be necessary to carry out the FMLA, a regulation defining "successor in interest" is certainly not one of them.  This regulation is not only unnecessary but also wrongfully usurps the role of the court.

The Supreme Court's recent decision in <u>Loper Bright</u> overruled <u>Chevron USA, Inc. v. Natural Resources Defense Counsel, Inc.</u>, 467 U.S. 837 (1984), and thus has significantly changed the legal landscape. This court is construing the FMLA with <u>Loper Bright</u> in mind and exercising its proper judicial role. If Congress decides it is in the public interest to incorporate into the FMLA a broader definition of successor in interest as it did in USERRA or even to eliminate any waiting period to be an eligible employee under the FMLA, it is of course free to do so.

The court has considered plaintiff's other arguments and also finds them to be without merit. Delaware County is not the successor in interest to GEO Group. Plaintiff's motion for reconsideration will be denied.