IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARICK EASTERLING | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COUNTY OF DELAWARE | : | NO. 23-5016 |

MEMORANDUM

Bartle, J.                                                    May 22, 2025

The court has before it the motion of plaintiff Darick
Easterling "seeking the award of attorneys' fees and expenses"
pursuant to 42 U.S.C. § 12205 (Doc. # 77).

Plaintiff sued his employer, defendant County of
Delaware, for wrongfully discriminating against him on the basis
of his disability, for failing to accommodate his disability,
and for retaliating against him in violation of the Americans
with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), and
the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, et
seq. ("PHRA").

He also pleaded claims under the Family & Medical
Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").[1]  On February 13,
2025, this court granted summary judgment in defendant's favor

_____

1.   Under the FMLA, plaintiff alleged that defendant interfered
with his ability to exercise his FMLA rights, discriminated
against him for exercising those rights, and retaliated against
him.

on these claims.  See Memorandum (E.D. Pa. Feb. 13, 2025) (Doc. # 45); see also Memorandum (E.D. Pa. Feb. 26, 2025) (Doc. # 62).

Thereafter, a jury trial was held on the remaining claims.  The jury found that Delaware County wrongfully discriminated against plaintiff on the basis of his disability and failed to accommodate his disability in violation of the ADA and PHRA.[2]  The jury, however, also found that Easterling failed to prove his claim that Delaware County retaliated against him in violation of the ADA and the PHRA.

The jury awarded plaintiff $1 in compensatory damages, that is damages for pain and suffering caused by Delaware County's unlawful conduct.  Thereafter, the court held a non-jury trial on damages and added $92,690.30 in back pay, prejudgment interest of $4,538.12, and $105,347.96 in front pay in lieu of reinstatement.  Together with the $1 awarded by the jury, the court entered a judgment in favor of plaintiff in the amount of $202,577.38 (Doc. # 75).

I

The court has the discretion under 42 U.S.C. § 12205 to "allow the prevailing party, other than the United States, a

---

2.    Although the state law claim was not mentioned to the jury, the parties stipulated that the jury's determination as to plaintiff's federal law claim would also control as to his PHRA claim because the two statutes are coextensive, at least for the purposes of liability.  See Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996).

reasonable attorney's fee, including litigation expenses, and costs" in actions brought pursuant to the ADA.  Similarly, the PHRA provides that "[i]f, after a trial . . . the court . . . finds that a defendant engaged in or is engaging in any unlawful discriminatory practice as defined in this act, the court may award attorney fees and costs to the prevailing plaintiff."  See 43 Pa. Stat. § 962(c.2).

A court may only award attorneys' fees when the prevailing party was successful on any significant issue in the litigation and obtains a benefit sought in the suit.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Plaintiff, as the party seeking fees, has the burden of proof to show he prevailed.  See, e.g., Hare v. Potter, 549 F. Supp. 2d 698, 702 (E.D. Pa. 2008).

A court has discretion to determine what attorneys' fee is reasonable.  See Hensley, 461 U.S. at 433.  Generally, courts use the "lodestar" method, wherein the court calculates attorneys' fees by multiplying the number of hours reasonably expended on an action by a reasonable hourly rate.  See Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996).  Again, plaintiff bears the burden to prove that his request is reasonable.  Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990).

-3-

To be reasonable, hours must not be "excessive,
redundant or otherwise unnecessary." See id.; see also Pub.
Int. Rsch. Grp. of N.J. v. Windall, 51 F.3d 1179, 1188 (3d Cir.
1995).  Work on an unsuccessful claim may be deducted from the
total amount of reasonable hours to the extent that it may be
distinguishable as a unique claim for relief "based on different
facts and legal theories."  Hensley, 461 U.S. at 434-35.

Plaintiff prevailed in this action.  The jury found in
his favor on his claims of discrimination and retaliation in
violation of the ADA and PHRA.  He was awarded $202,577.38 in
damages.

Plaintiff submitted evidence to recover $169,410 in
fees for the work of his attorney Edward Sweeney, Esq., a
partner at Wusinich, Sweeney, & Ryan, LLC.  Plaintiff calculated
this amount by multiplying 228.01 hours of work by a proposed
rate of $750 per hour.  Plaintiff further seeks $12,525 in
attorneys' fees for the work of M. Frances Ryan, Esq., a partner
at Wusinich, Sweeney, & Ryan, for her 16.7 hours of work
multiplied by her proposed rate of $750 per hour.  In total,
plaintiff requests the court award him $181,935 in attorneys'
fees.

Defendant argues that the court should deduct any
hours that plaintiff's counsel spent litigating his FMLA or

-4-

retaliation claims as these claims were ultimately unsuccessful and therefore the work expended on these claims was unnecessary.

Defendant specifically proposes that the court deduct 18.94 hours for the work on plaintiff's FMLA claims.  These hours were spent drafting plaintiff's trial memorandum in opposition to defendant's position on the successor-in-interest issue under the FMLA and then litigating his unsuccessful motion for reconsideration on the court's grant of summary judgment in favor of defendant on plaintiff's FMLA claims.  These hours are distinct from plaintiff's attorneys' work on his successful claims.  Thus these 11.04 hours worked by Mr. Sweeney and 7.9 hours worked by Ms. Ryan were not reasonable and will be deducted from the total hours worked.  See Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 178 (3d Cir. 2001).

Defendant also identifies 16.34 hours that plaintiff's counsel spent solely on his ultimately unsuccessful claims of retaliation.  It proposes that the court should deduct all this time.  The hours were expended almost exclusively on successfully opposing the motion of Delaware County for summary judgment on these claims.  Deducting these hours does not appropriately credit plaintiff's counsel for its work.  The court finds that the time that plaintiff's counsel spent opposing defendant's unsuccessful motion was reasonable even

though the jury found against plaintiff on the issue of retaliation.

The court finds that it was reasonable for Mr. Sweeney to work 216.97 hours and for Ms. Ryan to work 8.8 hours, the hours after deducting the 18.94 hours worked in relation to plaintiff's FMLA claims.  In total, that is 225.77 hours. Easterling's counsel litigated the case through trial and otherwise presented sufficiently detailed records of their work by hour.

Next, the court must determine whether the rates requested by counsel are reasonable in consideration of the prevailing market rates in Philadelphia, the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984).  The court must consider similar rates earned by lawyers of "reasonably comparable skill, experience, and reputation."  Rode, 892 F.2d at 1183.  In support of the proposed hourly rates, plaintiff relies on the fee schedule developed by Community Legal Services, Inc., effective January 1, 2023.  That schedule proposes an hourly rate between $735 to 850 for attorneys with 25 or more years of experience.

Our Court of Appeals has upheld attorneys' fee awards which utilize this schedule to determine what fee is reasonable. See, e.g., Maldonado v. Houstoun, 256 F.3d 181, 187-88 (3d Cir. 2001) (citing Rainey v. Phila. Hous. Auth., 832 F. Supp. 127,

-6-

129 (E.D. Pa. 1993)).  To bolster this fee schedule, plaintiff
provides an affidavit by George Randolph, Esq., a former partner
at Riley Riper Hollin & Colagreco, who attests that a $750
hourly rate is "comparable" to other plaintiffs' attorneys in
this district and the affidavit of Ms. Ryan, which attests that
her "billing rate" is $750 per hour.

        Defendant argues that Mr. Sweeney's hourly rate should
be reduced because he has failed to produce evidence that he
should be paid an hourly rate of $750.  While it is true that he
swore in his affidavit that he was regularly paid $250 to $400
per hour for his work, this does not weaken other evidence
plaintiff presents in support of a $750 hourly rate.  First, the
court must consider evidence of a reasonable rate in
Philadelphia, as the case was litigated here, rather than in
Chester County, where Mr. Sweeney is primarily located.
Further, Ms. Ryan is paid $750 per hour.  The two are the sole
partners at their firm and have each worked in employment
litigation for over 25 years.  Finally, the CLS fee schedule is
acceptable evidence of a reasonable rate, as it is regularly
utilized in this district.[3]  The court finds the $750 hourly fee
reasonable for both Mr. Sweeney and Ms. Ryan.

---

3.    In support of this conclusion, Delaware County cites
Middlebrooks v. Teva Pharms. USA, Inc., Civ. A. No. 17-412, 2019
WL 936645 (E.D. Pa. Feb. 26, 2019).  In that action, the court
concluded that in light of the lack of other relevant evidence

The court finds that the work done by plaintiff's counsel has a lodestar value of $169,327.50 (225.77 hours x $750 per hour).

## II

The court, in its discretion, may adjust the lodestar downward if the award is not reasonable "only in the rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." See Augustyn v. Wall Twp. Bd. of Educ., No. 23-3156, 2025 WL 1352259, at *3-4 (3d Cir. May 9, 2025) (published) (quoting Souryavong v. Lackawanna Cnty., 872 F.3 122, 128 (3d Cir. 2017) (internal quotation marks omitted)). One such factor is the "results obtained." See Souryavong, 872 F.3d at 128.

In a case in which claims are interrelated and "plaintiff has achieved only partial or limited success," the court may exercise its discretion in reducing the award to account for this result. See Hensley, 461 U.S. at 436-37; see also Souryavong, 872 F.3d at 129. In Jodlowska v. Soar Corp., plaintiff claimed that her employer violated Title VII and the PHRA on the basis of race and gender discrimination, hostile

---

of reasonable attorney rates, the CLS fee schedule was appropriate. Id. at *13. As in that action, the court likewise finds the CLS fee schedule reasonable.

work environment, and retaliation.  Civ. A. No. 13-2845, 2015 WL 1255968, at *1 (E.D. Pa. Mar. 18, 2015).  She also brought a common-law claim for wrongful discharge.  Id. at *3.  At trial, the court granted defendant's motion for judgment as a matter of law as to her claim of race discrimination.  The jury found for plaintiff on all other statutory claims.  Id.  To determine a reasonable fee, the court, after calculating a lodestar amount, considered the "degree of overall relief obtained" because the claims were distinct but legally and factually related.  Id. at *2.  The court imposed a 10% across-the-board fee reduction to the lodestar value.  Id. at *3.

Defendant argues that the overall fees should be reduced by 50% because plaintiff was only successful on two out of the six claims he initially asserted in his complaint. Although a further reduction is appropriate, defendant's proposal does not reflect the level of success plaintiff achieved.

As noted, plaintiff was unsuccessful on two categories of claims.  The court granted summary judgment on his FMLA claims, and the jury found for Delaware County on plaintiff's remaining retaliation claims under the ADA and the PHRA.  These claims are factually and legally related to plaintiff's other successful claims.  All concern the same employment relationship

-9-

over the course of one month and center around Easterling's
termination.

In developing the lodestar value, the court isolated
and excised over eighteen hours of work plaintiff's counsel
completed on his motion for reconsideration of his FMLA claims.
It is difficult to fully excise the time expended on the
investigation of the FMLA claims, as well as the time spent
investigating, researching, and presenting at trial his
retaliation claims.  The limited success that plaintiff achieved
is not "subsumed in the lodestar calculation." Perdue v. Kenny
A., 559 U.S. 542, 553 (2010).  Therefore the lodestar value of
$169,327.50 is not reasonable in light of the results obtained.

In light of the results obtained, a 15% reduction of
the lodestar value is reasonable.  The court will award
plaintiff's counsel a total of $143,928.40 in fees: $138,318.38
for the work of Mr. Sweeney, and $5,610 for the work of Ms.
Ryan.

III

Plaintiff also seeks a total of $26,117.64 in costs.
This amount is composed of $17.971.24 in expert fees, $2,161.56
for depositions, $1,451.20 from Lexitas for transcription
services, $828.64 in service and attendance fees, and $405 to
the court for the filing of the complaint.  Plaintiff also seeks
$3,300 for the work of Grace Schrof, paralegal at Wusinich,

-10-

Sweeney & Ryan.  This total is composed of 44 hours of work billed at $75 per hour.  Defendant has no specific objection to the request by plaintiff to pay the costs relating to Ms. Schrof.

First, defendant argues that plaintiff has not filed a bill of costs for the Clerk of Court for taxation.  When a party seeks costs under 28 U.S.C. § 1920, this court requires the party first file a bill of costs with the Clerk of the Court. Local R. Civ. P. 54.1(a).  However, plaintiff seeks reimbursement of costs under 42 U.S.C. § 12205.  No bill of costs is required in that instance.  See Heard v. J & G Spas, LLC, Civ. A. No. 22-3212, 2024 WL 4458549, at *15 (E.D. Pa. Oct. 10, 2024).

Defendant argues that costs pertaining to private process servers and witness fees should not be awarded.  In support of this contention, it cites cases in which a party seeks reimbursement of taxable costs under 28 U.S.C. § 1920. See Knowles v. Temple Univ., 109 F.4th 141, 145 (3d Cir. 2024); see also Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  As stated above, plaintiff seeks costs under the ADA and PHRA.

If plaintiff's victory was "technical," the court may find that costs are not warranted under the ADA and therefore, that he may only seek taxable costs under 28 U.S.C. § 1920.  In

-11-

Smith v. Presidio Networked Solutions, Inc., the court found
that because plaintiff was only awarded nominal damages, an
award of costs was not warranted beyond counsel's taxable costs.
Civ. A. No. 22-736, 2024 WL 4094273, at *7 (E.D. Pa. Sept. 5,
2024).  The plaintiff's victory here was not technical.  While
plaintiff's compensatory damages award from the jury was
nominal, the court awarded him over $200,000 in back and front
pay as well as prejudgment interest.  For this reason plaintiff
may seek costs under 42 U.S.C. § 12205.  The court will award to
plaintiff the costs incurred for private process servers.

        Defendant next argues that the court should not award
costs for expenditures relating to his expert.  Plaintiff
retained Dr. Peter Zaleski, a professor in the Economics
Department of Villanova University, to calculate the amount that
Delaware County would have paid into plaintiff's pension absent
his unlawful termination.  The Summary Plan Description of the
Delaware County Employees' Retirement System sets forth a
standard equation for all employees who began participating in
the plan after January 1, 1981.

        Defendant at all times has agreed before the court
that it would make the required pension contribution if
plaintiff succeeded on his ADA and PHRA claims.  Plaintiff
merely represents that his counsel "had specific direction to
pursue the pension issue by his client and he did so in a

-12-

conventional manner, e.g., hire an expert." As plaintiff fails to show that the issues on which Zaleski opined were in fact disputed, the court will exercise its discretion and not award costs relating to his expert.

Finally, defendant seeks a reduction in the award of costs commensurate to the reduction of attorneys' fees due to counsel's partial success. It cites <u>Watcher v. Pottsville Area Emergency Medical Service, Inc.</u>, 559 F. Supp. 2d 516 (M.D. Pa. 2008), in support of this proposition. This case does not stand for such a conclusion. In that action, the court exercised its discretion to require payment of half of court costs where defendant was only one of two parties sued. <u>Id.</u> at 535-36. In this case, Delaware County is the only defendant and does not shoulder the burden of these costs with another defendant. It will bear the burden of all costs awarded by the court.

The court will award to plaintiff $8,146.40 in costs: $3,300 for the work of his paralegal; $2,161.56 relating to depositions, $1,451.20 from Lexitas for transcription services, $828.64 in service and attendance fees, and $405 to the court for the filing of the complaint.

## IV

The court will grant in part and deny in part plaintiff's motion for attorneys' fees and costs. It will award

-13-

$143,928.40 in attorneys' fees and $8,146.40 in costs, for a total of $152,074.80.